BEFORE THE FIRST DIVISION, FEBRUARY 9, 1956

**No. 59715.**—Anson, Incorporated *v.* United States, protest 214485–K (Providence).

OLIVER, Chief Judge:   This case relates to certain brass-clad steel strips that the collector classified as material, suitable for use in the manufacture of jewelry, under paragraph 1527 (d) of the Tariff Act of 1930, as modified by T. D. 52739, carrying a dutiable rate of 40 per centum ad valorem.   Plaintiff claims that the merchandise is properly classifiable as manufactures of base metal, not specially provided for, under paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802, with a duty assessment of 22½ per centum ad valorem.

The sole witness to appear herein was the director of purchases and quality control of the plaintiff corporation, a manufacturer of men's jewelry, such as cuff links, tie slides, key chains, knives, and money clips.   The witness stated that the brass-clad steel strips in question were bought "as an emergency measure," during the war period when the supply of brass was not sufficient to meet plaintiff's production needs.   His uncontradicted testimony establishes that the merchandise in question proved to be entirely unsuitable for use in the manufacture of jewelry.   Its steel composition was so heavy for plaintiff's power-press equipment that it cracked tools and dies.   Then, too, it contaminated the degreasing and plating solutions, making it impossible to degrease the material, thereby preventing an essential process followed by plaintiff in its manufacture of all jewelry items.   Plaintiff, having found the imported merchandise to be useless, ultimately sold it as scrap.

Based on the witness' familiarity with the processes of manufacture followed by other manufacturers of costume jewelry, he testified further that all of such manufacturers operate their plants in the same manner as plaintiff and that the brass-clad steel strips in question would be just as unsuitable for use to any jewelry manufacturer as it proved to be to plaintiff.

It is abundantly clear from plaintiff's undisputed testimony that the merchandise in question is not material, suitable for use in the manufacture of jewelry, as classified.   Hence, the collector's action must be and hereby is overruled. Since it is agreed between the parties that the strips in question are "steel, brass-clad," and that this merchandise is "not gold, silver, or platinum, and that it is not plated with gold, silver, or platinum, and it is not set with any precious or semi-precious stones," we hold it to be properly classifiable under the residuary provision in paragraph 397, as modified, *supra*, for manufactures of base metal, not specially provided for, and dutiable thereunder at the rate of 22½ per centum ad valorem, as claimed by plaintiff.

This conclusion is consistent with the admission contained in defendant's memorandum wherein Government counsel states: "In the case at bar the record seems clear that the brass clad steel sheets were not suitable for use in the manufacture of jewelry and consequently the protest seems well taken."

The protest is sustained and judgment will be rendered accordingly.